STATE of Wisconsin, Plaintiff-Respondent,

v.

Carlos P. CHAVEZ, Defendant-Respondent.†

Court of Appeals

*No. 92-2714-CR.    Submitted on briefs March 1, 1993.—Decided March 16, 1993.*

(Also reported in 498 N.W.2d 887.)

†Petition to review denied.

367

For defendant-appellant, the cause was submitted on the briefs of *Michael Yovovich*, assistant state public defender, of Madison.

For plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Maureen McGlynn Flanagan*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Carlos Chavez, a Paraguayan alien, appeals a judgment of conviction for first-degree reckless homicide and an order denying post-conviction relief. He claims that the circuit court's failure to inform him of the likelihood of deportation as required by sec. 971.08(2), Stats., entitles him to withdraw his plea regardless of his awareness of deportation probabilities. Because it is undisputed that Chavez was aware of the potential for deportation when he entered his plea, we conclude that the failure to advise him pursuant to sec. 971.08 was harmless error for which he is not entitled to relief. The judgment and order are affirmed.

Section 971.08, Stats., entitled "Pleas of guilty and no contest; withdrawal thereof" provides:

(1)   Before the court accepts a plea of guilty or no contest, it shall do all of the following:
(a)   Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.
(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

(2) If a court fails to advise a defendant as required by sub. (1)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds.

■

Chavez, who does not contest the state's contention that he was aware of the likelihood of deportation when he entered his plea, asks this court to hold as a matter of law that sec. 971.08(2), Stats., mandates the trial court to allow withdrawal of the guilty or no contest plea regardless of his knowledge. Although Chavez concedes that the state may generally overcome a failure to comply with the plea requirements of sec. 971.08(1) by showing evidence that the defendant knew and understood the necessary information to render his plea voluntary and knowing, *State v. Bangert,* 131 Wis. 2d 246, 274, 389 N.W.2d 12, 26 (1986), he maintains that the legislature simply did not intend to permit such a showing with regard to the provisions of subsec. (2) relating to aliens.[1]

---

[1] The recent decision in *State v. Baeza,* 174 Wis. 2d 118, 496 N.W.2d 233 (Ct. App. 1993), is not controlling here. That case

369

Chavez' argument is straightforward and simple: The statute is unambiguous. It provides that a defendant "shall" have the right to withdraw his plea and, therefore, his actual knowledge of the consequences of his plea is irrelevant.

Ambiguity may be created by the interaction of separate statutes as well as by the interaction of words and structures of a single statute. *State v. Kenyon*, 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978). In this case, an ambiguity is created by the provisions of sec. 971.26, Stats.:

> Formal defects. No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant.

This statute is consistent with the harmless error rule articulated in *State v. Dyess*, 124 Wis. 2d 525, 370 N.W.2d 222 (1985). That case recognizes that public policy and judicial economy render it reasonable to uphold convictions unless the procedure has been unfair, rights have been subverted or an injustice has been done. *Id.* at 540, 370 N.W.2d at 230.

Thus, sec. 971.08(2), Stats., could be read literally to mean as it states, that a defendant may withdraw his plea without regard to his actual knowledge of the likelihood of deportation. On the other hand, when read in

---

holds that the *Bangert* decision is inapplicable where the court fails to advise a defendant of the deportation consequences of his plea. The defendant in that case, however, did not know of those consequences. There was therefore no question of application of the harmless error rule.

conjunction with sec. 971.26, it may be read to mean that the judgment may stand if the failure to inform the defendant did not prejudice him. We therefore conclude that the statute is ambiguous, and turn to the scope, history, context, subject matter and the object of the statute to discern the legislative intent. *State v. Timm*, 163 Wis. 2d 894, 897-98, 472 N.W.2d 593, 595 (Ct. App. 1991).

We take judicial notice of the legislative history of 1985 Wis. Act 252 as included in the appendix of the attorney general's appellate brief. That history indicates that the legislature sought to alleviate the hardship and unfairness involved when an alien *unwittingly* pleads guilty or no contest to a charge without being informed of the consequences of such a plea. As the legislative notes indicate, the federal courts have consistently held that the trial court's failure to inform an alien defendant of the collateral consequences of his plea does not require that the plea be vacated when the immigration result is later ascertained. The notes further indicate that some states had held that when counsel representing an alien defendant fails to advise him of the deportation consequences, the defendant is denied the effective assistance of counsel, which warrants vacation of the plea.

Consistent with this legislative history, we conclude that the legislature did not intend a windfall to a defendant who was aware of the deportation consequences of his plea. As is true of a defendant who asserts ineffective counsel, prejudice is an essential component of the inquiry. The present circumstances fail to show Chavez was prejudiced, and we therefore affirm the judgment of conviction and the order denying post-conviction relief.

*By the Court.*—Judgment and order affirmed.