98 P.3d 285

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Setefano MALIVAO, Defendant–Appellant.**

**No. 25731.**

Intermediate Court of Appeals of Hawai'i.

Sept. 3, 2004.

Joyce K. Matsumori–Hoshijo, Deputy Public Defender, on the briefs, for defendant-appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

WATANABE, Acting C.J., FOLEY and NAKAMURA JJ.

Opinion of the Court by FOLEY, J.

Defendant–Appellant Setefano Malivao (Malivao) appeals the Second Amended Judgment filed on February 27, 2003 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Malivao contends the circuit court erred or plainly erred by denying his motion to withdraw his no contest plea before his sentence was imposed.

## I.

On September 26, 2001, Malivao was charged by indictment with Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707–732(1)(b) (Supp. 2003).[2]

On May 31, 2002, Malivao signed a written "No Contest Plea" form, and the circuit court held a hearing on Malivao's change of plea. The circuit court judge questioned Malivao about his no contest plea. Malivao then signed the acknowledgment part of the "No

---

1. The Honorable Wilfred K. Watanabe presided.

2. Hawaii Revised Statutes (HRS) § 707–732 (Supp.2003) provides in relevant part:

    § 707–732 **Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:

    . . . .

    (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

    . . . .

    (2) Sexual assault in the third degree is a class C felony.

Contest Plea" form in court, acknowledging that the judge had questioned him in open court to make sure that he knew what he was doing in pleading no contest and that he understood the form before he signed it. The circuit court accepted Malivao's no contest plea and found Malivao guilty of Sexual Assault in the Third Degree.

At the sentencing hearing on September 11, 2002, Malivao asked for a continuance of his sentencing to consult with immigration counsel because he had discovered that he was not a United States citizen and was subject to deportation proceedings because of his plea. His sentencing was continued until November 27, 2002.

On November 27, 2002, Malivao filed a "Motion to Withdraw No Contest Plea" (Motion to Withdraw Plea). In support of the motion, Malivao's counsel declared that (1) prior to Malivao entering his plea, counsel believed Malivao was a United States citizen; (2) counsel found out Malivao "was neither a U.S. citizen nor a U.S. national only after the presentence report was completed"; and (3) Malivao "did not adequately receive information regarding dire deportation consequences resulting from a conviction."

On February 19, 2003, the circuit court held a hearing on Malivao's Motion to Withdraw Plea. At the hearing, Malivao's counsel made an offer of proof that Malivao had thought he was a United States citizen or United States national and had told counsel, through an interpreter, that he was a United States citizen. The circuit court denied the Motion to Withdraw Plea and sentenced Malivao to five years of probation.

On February 19, 2003, a Judgment was filed; on February 21, 2003, an Amended Judgment was filed; and on February 27, 2003, the Second Amended Judgment was filed. On March 10, 2003, the circuit court filed its "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Withdraw No Contest Plea." Malivao timely filed this appeal.

## II.

### A. Denial of Pre–Sentence Motion to Withdraw Plea

■ In *State v. Gomes*, 79 Hawai'i 32, 897 P.2d 959 (1995), the Hawai'i Supreme Court set forth the applicable standard of review for appeals from the denial of a Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) motion made prior to the imposition of sentence:

> This court has observed that a liberal approach is to be taken when a motion to withdraw a plea is made under HRPP Rule 32(d) before sentence is imposed. The court should grant the motion if the `defendant has presented a fair and just reason for his request and the State has not relied upon the plea to its substantial prejudice. The [trial] court's denial of the request is reviewed for abuse of discretion.

79 Hawai'i at 36, 897 P.2d at 963 (ellipsis and brackets in original omitted; bracketed material added) (quoting *State v. Adams*, 76 Hawai'i 408, 411, 879 P.2d 513, 516 (1994)).

### B. Abuse of Discretion

The trial court is vested with wide discretion to accept or refuse a nolo contendere plea, and the acceptance or refusal of a no contest plea is therefore reviewed for abuse of that discretion. The denial of an HRPP 32(d) motion to withdraw a plea of nolo contendere, or no contest, prior to the imposition of sentence is likewise reviewed for abuse of discretion. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Merino*, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996) (internal quotation marks, citations, brackets, and footnote omitted).

### C. Plain Error/Rule 52(b)

Hawai'i Rules of Penal Procedure Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." *State v. Staley*, 91 Hawai'i

275, 282, 982 P.2d 904, 911 (1999) (internal quotation marks and citation omitted).

■■■ The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Vanstory*, 91 Hawai'i 33, 42, 979 P.2d 1059, 1068 (1999) (internal quotation marks and citation omitted).

> This court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes.

*Id.* (quoting *State v. Kelekolio*, 74 Haw. 479, 515, 849 P.2d 58, 74–75 (1993)).

## III.

**A. The circuit court did not abuse its discretion by denying Malivao's Motion to Withdraw Plea.**

■■■ Malivao contends the circuit court made the following erroneous finding of fact and conclusions of law in its March 10, 2003 "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Withdraw No Contest Plea":

### FINDINGS OF FACT

. . . .

3. The court engaged [Malivao] in a thorough colloquy before accepting his plea of no contest. [Malivao] confirmed his name, age, and educational background. At the time of the plea he as not under the effects of drugs or alcohol. He was not under treatment for any mental ill-

**3.** Hawai'i Rules of Penal Procedure (HRPP) Rule 11 states in relevant part:

> **Rule 11. Pleas.**
>
> . . . .
>
> **(c) Advice to defendant.** The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that he understands the following:

ness or emotional disability. His mind was clear.

. . . .

### CONCLUSIONS OF LAW

. . . .

5. The court complied with the requirements of HRPP Rule 11 to ensure that [Malivao's] no contest plea was made knowingly, intelligently and voluntarily.

. . . .

7. [Malivao] has not carried the threshold burden of showing a "fair and just reason" to withdraw his no contest plea.

Malivao contends that because he mistakenly believed before entering his no contest plea that he was a United States citizen, he did not knowingly, intelligently, and voluntarily enter his plea. Malivao argues that his mistaken belief that he could not be deported, excluded from the United States, or denied naturalization was a fair and just reason to allow the withdrawal of his no contest plea before sentence was imposed.

Prior to accepting Malivao's plea, the circuit court addressed Malivao pursuant to HRPP Rule 11 [3]:

> Q. (By the Court:) Mr. Malivao, I have to tell you that if you are not a citizen of the United States, you're advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
>
> A. [Malivao] Yes.
>
> Q. Okay. Do you need more time to consider this?
>
> A. No.

"A motion to withdraw a plea of guilty or of nolo contendere may be made only before

> . . . .
>
> (5) that if he is not a citizen of the United States, a conviction of the offense for which he has been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea." HRPP Rule 32(d) (2003). "But where the motion is presented to the trial court before the imposition of sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the prosecution has not relied upon the guilty plea to its substantial prejudice." *Merino,* 81 Hawai'i at 223, 915 P.2d at 697 (brackets omitted) (quoting *State v. Jim,* 58 Haw. 574, 576, 574 P.2d 521, 522–23 (1978)). A fair and just reason for granting a withdrawal of a plea is "(1) the defendant did not knowingly, intelligently or voluntarily waive his or her rights; or (2) changed circumstances or new information justify withdrawal of the plea." *Gomes,* 79 Hawai'i at 37, 897 P.2d at 964.

In *State v. Nguyen,* 81 Hawai'i 279, 287, 916 P.2d 689, 697 (1996), the Hawai'i Supreme Court stated that "it is the general rule that, absent a rule or statute, a court has no duty to warn defendants pleading guilty or 'no contest' about the possibility of deportation as a collateral consequence of conviction." In discussing the consequences that a defendant must be advised or need not be advised of, the *Nguyen* court quoted from *People v. Ford,* 86 N.Y.2d 397, 403, 633 N.Y.S.2d 270, 657 N.E.2d 265, 267–68 (1995), a New York Court of Appeals case:

> Manifestly, a criminal court is in no position to advise on all the ramifications of a guilty plea personal to a defendant. Accordingly, the courts have drawn a distinction between consequences of which the defendant must be advised, those which are "direct," and those of which the defendant need not be advised, "collateral consequences." A direct consequence is one

which has a definite, immediate and largely automatic effect on defendant's punishment. Illustrations of collateral consequences are loss of the right to vote or travel abroad, loss of civil service employment, loss of a driver's license, loss of the right to possess firearms or an undesirable discharge from the Armed Services. The failure to warn of such collateral consequences will not warrant vacating a plea because they are peculiar to the individual and generally result from the actions taken by agencies the court does not control.

> Deportation is a collateral consequence of conviction because it is a result peculiar to the individual's personal circumstances and one not within the control of the court system.

*Nguyen,* 81 Hawai'i at 288, 916 P.2d at 698.

According to *Nguyen,* the circuit court had no duty to warn Malivao beyond the language of HRPP Rule 11(c)(5), as mandated by HRS § 802E–2 (1993).[4] It is undisputed that the circuit court warned Malivao pursuant to HRPP Rule 11(c)(5).

In *State of Wisconsin v. Rodriguez,* 221 Wis.2d 487, 585 N.W.2d 701 (1998), the Court of Appeals of Wisconsin held that it was not an abuse of discretion to deny a defendant's motion to withdraw his no contest plea after sentencing because the defendant erroneously believed he was a United States citizen when he entered the plea. The court in *Rodriguez* held that a misunderstanding of citizenship status does not mean a plea is not voluntarily, knowingly, and intelligently entered. *Id.* at 495, 585 N.W.2d at 704. The court stated that a defendant entering a guilty or no contest plea "has the constitutional right to be informed of the direct consequences of the plea, but not of the collateral consequences." *Id.* The court reasoned that "lack of knowledge of the collater-

---

4. HRS § 802E–2 (1993) provides:

§ 802E–2 **Court advisement concerning alien status required.** Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

al consequences of a guilty plea does not affect the plea's voluntariness because knowledge of these consequences is not a prerequisite to entering a knowing and intelligent plea." *Id.* (internal quotation marks, citation, and brackets omitted).

In *State of Florida v. Rajaee*, 745 So.2d 469 (Fla.Dist.Ct.App.1999), the Florida District Court of Appeal held that a defendant's mistaken belief that he was a United States citizen did not entitle him to withdraw his plea after sentencing. *Id.* at 470. In *Rajaee*, the defendant claimed he entered a no contest plea under the mistaken belief that he was a United States citizen and that, if deported, he would be subject to execution. *Id.* The court in *Rajaee* stated:

> Florida Rule of Criminal Procedure 3.172(c)(8) requires that the judge inform the defendant that deportation may be a consequence of the plea *if* defendant is not a citizen. The rule does not require the judge to inquire as to whether the defendant is a citizen or to explain the requirements of becoming a citizen to a defendant. A defendant is put on notice that he should know, or if any doubt exists he should determine, his citizenship status *before* proceeding with the plea. No case has been cited to us which indicates that a mistake not caused by the court, defense counsel, law enforcement, or someone representing the state or not based on a misunderstanding of the plea agreement, the score sheet, or some document prepared by some governmental agent is sufficient to make a plea involuntary. In short, a mistake of some fact solely within the knowledge or control of the defendant has not been approved as a basis for withdrawing a plea.

*Id.* (emphasis in original).

The circuit court had no duty to advise Malivao on citizenship, deportation, exclusion, and naturalization beyond the language of HRPP Rule 11(c)(5), as mandated by HRS § 802E-2. The circuit court fulfilled its duty. Malivao's, or his counsel's, mistaken belief regarding Malivao's citizenship status at the time Malivao entered his plea did not mean Malivao did not knowingly, intelligently, and voluntarily enter a plea of no contest.

Because the circuit court complied with HRPP Rule 11(c)(5) and Malivao's plea was made knowingly, intelligently, and voluntarily, it was not an abuse of discretion for the circuit court to deny Malivao's Motion to Withdraw Plea solely because Malivao or his counsel misunderstood Malivao's citizenship status at the time Malivao entered his plea.

**B. The circuit court did not plainly err in accepting Malivao's no contest plea.**

Malivao argues that because he was not advised of a full panoply of constitutional rights, his no contest plea was not made voluntarily, knowingly and intelligently. Specifically, Malivao contends the circuit court failed to advise him in open court of his trial-related rights, "including (1) the right to testify in one's own defense and the right against self-incrimination, (2) the right to confrontation and compulsory process, and (3) the right to a unanimous jury verdict." In addition, Malivao contends he was not expressly advised of his right to testify and right to remain silent.

Malivao signed a "No Contest Plea" form, which stated in part:

> 5. I know I have the right to plead not guilty and have a speedy and public trial by jury or by the court.... I know I can see, hear, and question witnesses who testify against me, and that I may call my own witnesses to testify for me at trial. I understand I have the right to take the stand to testify and I have the right not to testify at trial.

On the "No Contest Plea" form, Malivao also signed, in open court, below a statement that read:

> I acknowledge that the Judge questioned me personally in open court to make sure that I knew what I was doing in pleading guilty or no contest and understood this form before I signed it.

While there was no mention of the right to a unanimous jury verdict, Malivao clearly understood his right to a jury trial, right to testify in one's own defense, right to not testify, right to confront witnesses, and right

to call witnesses to testify for him. "[T]he validity of a waiver concerning a fundamental right is reviewed under the totality of the facts and circumstances of the particular case." *State v. Friedman,* 93 Hawai'i 63, 69, 996 P.2d 268, 274 (2000). In *Friedman,* the Hawai'i Supreme Court specifically rejected the argument that the trial court must directly inform a defendant of the right to a unanimous verdict in every case. *Id.* at 69–70, 996 P.2d at 274–75.

Under the totality of the facts and circumstances, the circuit court did not plainly err by accepting Malivao's no contest plea.

## C. The circuit court did not plainly err in determining that Malivao understood the nature of the charge against him.

■ Malivao contends the circuit court plainly erred by failing to comply with HRPP Rule 11(c)(1) because the court did not advise him of the nature of the charge against him before accepting his no contest plea.

Hawai'i Rules of Penal Procedure Rule 11(c)(1) states:

**Rule 11. Pleas.**

. . . .

(c) **Advice to defendant.** The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that he understands the following:

(1) the nature of the charge to which the plea is offered[.]

Malivao signed the "No Contest Plea" form, which stated in part:

2. I have received a written copy of the original charge(s) in this case. The charge(s) has/have been explained to me. I understand the original charge(s) against me.

The following colloquy occurred at Malivao's change of plea hearing:

Q. [THE COURT]: Now, before you signed the form, did your lawyer and the interpreter go over the form with you and explain all of the different terms and provisions to you?

A. [Malivao]: Yes

Q. Do you have any questions about anything that appears on the form?

A. No.

Q. Okay. And your lawyer explained the charge against you and what it involves?

A. Yes.

Malivao argues that the circuit court should have explained the nature of the sexual assault charge to him prior to accepting his no contest plea. Rule 11(c)(1) requires that the circuit court address a defendant in open court to determine if the defendant understands the nature of the charge, not explain the nature of the charge to the defendant. The circuit court did not plainly err in determining that Malivao understood the nature of the charge against him.

### IV.

The Second Amended Judgment filed on February 27, 2003 in the Circuit Court of the First Circuit is affirmed.