STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES CLIFTON JIM, Defendant-Appellant

NO. 5900

FEBRUARY 3, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

Upon his plea of guilty, the defendant was in due course sentenced for the offense first degree theft. Prior to sentence being imposed, however, he had moved for withdrawal of his guilty plea. His motion was denied, and this denial constitutes the basis for the defendant's appeal from the judgment and sentence of the trial court.

H.R.Cr.P. Rule 32 (d) under which the motion for withdrawal of guilty plea was made provided as follows:

Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.[1]

A defendant does not have an absolute right to withdraw his guilty plea, and a motion for withdrawal of a guilty plea under the foregoing rule must therefore be determined under

---

[1] The word "may" was changed to "shall" in the promulgation of the Hawaii Rules of Penal Procedure, which became effective January 1, 1977, simply to eliminate a possible incongruity inherent in the language of H.R.Cr.P. Rule 32(d). A finding of manifest injustice is addressed to the discretion of the trial court, High v. United States, 288 F.2d 427 (D.C. Cir. 1961), but once such a finding is made, the motion for withdrawal must be granted.

either of two established principles.[2] Where the request is made after sentence has been imposed, the "manifest injustice" standard is to be applied. H.R.Cr.P. Rule 32(d) (now H.R.P.P. Rule 32(d)); *United States v. Youpee,* 419 F.2d 1340 (9th Cir. 1969); *Sherman v. United States,* 383 F.2d 837 (9th Cir. 1967); *Paradiso v. United States,* 482 F.2d 409 (3rd Cir. 1973). But where the motion is presented to the trial court before the imposition of sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the guilty plea to its substantial prejudice. *United States v. Webster,* 468 F.2d 769 (9th Cir. 1972); *Paradiso v. United States, supra. See also State v. Dicks, supra.* "What the manifest injustice rule seeks to avoid is an opportunity for the defendant to test the severity of sentence before finally committing himself to a guilty plea." *Sherman v. United States, supra,* at 840. But the risk of prejudice to the State and to the efficient administration of criminal justice is much less apparent where the withdrawal is requested before final judicial action is taken on the defendant's plea.

The defendant in this case correctly points out that his guilt or innocence is not the issue on a motion to withdraw a guilty plea. *Gearhart v. United States,* 272 F.2d 499 (D.C. Cir. 1959); *United States v. Young,* 424 F.2d 1276 (3d. Cir. 1970). The court nevertheless may hold an evidentiary hearing to enable it to weigh and to determine the plausibility and

---

[2] The standard to be applied was not an issue in State v. McCoy, 51 Haw. 34, 449 P.2d 127 (1968), and the statement in McCoy that "H.R.Cr.P. 32(d) permits the trial court to allow withdrawal of the plea to correct 'manifest injustice'" did not establish the rule that *only* where manifest injustice is shown may the trial court allow a withdrawal, regardless of whether the request is made before or after sentence. In this connection, we observe simply as a historical footnote that the State in its brief in McCoy conceded that the "manifest injustice" standard applied only to motions made after sentence and recognized that federal precedent considering Rule 32(d), after which the Hawaii rule was patterned, utilized the "fair and just reason" standard for motions made before sentence. The State went on to argue in McCoy that judged against the latter standard, the trial court did not abuse its discretion in denying the motion. While also not an issue in that case, these two standards were discussed in State v. Dicks, 57 Haw. 46, —, 549 P.2d 727, 736 (1976) (dissenting opinion, Kobayashi, J.).

legitimacy of the defendant's reasons for the requested withdrawal. *State v. Dicks, supra; United States v. Webster, supra; United States v. Barker,* 514 F.2d 208 (D.C. Cir. 1975), *cert. denied,* 421 U.S. 1013. And where, in the sound exercise of its discretion, the trial court has determined that no plausible and legitimate reason exists for allowing the motion, its determination will be sustained unless it is clearly shown that the trial court has abused its discretion. *Id; United States v. Youpee, supra; Sherman v. United States, supra; Everett v. United States,* 336 F.2d 979 (D.C. Cir. 1964); *High v. United States, supra.*

The trial court in this case might have granted the defendant's motion to withdraw his guilty plea but it did not, and we are not prepared to find that the denial constituted a clear abuse of the court's discretion. The defendant in this case had the burden of establishing plausible and legitimate grounds for withdrawal. *United States v. Webster, supra; Everett v. United States, supra; High v. United States, supra.*

Two reasons were advanced by the defendant in support of his motion. The first was that he was not aware that theft in the first degree was a felony and not a misdemeanor. We find this reason to be without merit, as obviously did the trial court. The defendant was originally indicted for the offense of robbery in the first degree, which carries a maximum penalty of twenty years imprisonment and a $10,000.00 fine. As a result of plea bargaining, he was allowed to plead guilty to theft in the first degree, which carries a maximum penalty of five years imprisonment and a $5,000.00 fine. At arraignment and plea on the latter charge, he was fully and clearly advised by his attorney and by the court of the maximum penalties which may be imposed for the crime of theft in the first degree. He was not entitled to be informed by the court of all the possible collateral consequences of a guilty plea. *Reponte v. State,* 57 Haw. 354, 556 P.2d 577 (1976); *Meaton v. United States,* 328 F.2d 379 (5th Cir. 1964), *cert. denied,* 380 U.S. 916, *reh. denied,* 380 U.S. 959. *See also* H.R.P.P. Rule 11 (effective January 1, 1977). The defendant was represented throughout by an attorney whose professional competency has not been placed in issue. He does not claim inadequate

legal representation, and he concedes that the trial court did all that the law required of it to ensure that his guilty plea was voluntarily, knowingly, and intelligently made.

The second ground advanced by the defendant was that he had an eyewitness (one Clyde Wysocki) who was now willing to testify. This witness apparently was in the company of the defendant at the time of the transaction which provided the basis for the indictment against the defendant and was a possible accomplice in the commission of the alleged offense. In connection with this alleged new development, the defendant testified upon the hearing of his motion for withdrawal:

Q When you told Judge Heen that you had taken the money from the Marines and had kept the money to yourself, was that something that was suggested to you by anyone else or did you make that story up by yourself?

A Well, I just thought of it because I gave the money to the other person and the other person didn't come back to us so my witness would say that we did give the money to this other person, and this other person didn't come back, but since he wasn't willing to come to Court I just said that I kept the money.

Q Now, if you had known that Mr. Waisaki [Wysocki] was willing to testify for you in a Robbery First Degree trial, would you have pled guilty?

A No.

MRS. MILKS: I have no further questions, Your Honor.

THE COURT: You may step down.

Mrs. Milks, I suppose the only difference is that you have to believe your client. I don't. The Court is quite satisfied that at the time the defendant entered his plea of guilty he was aware of the consequences; he freely entered a plea of guilty, voluntarily, without any kind of threat, duress, or promise of any kind or inducement made to him. The Court is also satisfied that the defendant at that time, from the facts adduced, was guilty, and the Court's recollection of the record in this case. The Motion is denied.

Mr. Wysocki, if called and was amenable to the process of the court, could well have been a material witness for the defense, but only to the extent that his testimony would have been corroborative of the defendant's own testimony at trial. He was interviewed by the defendant's then counsel, Mr. Paul Durbin, prior to the entry of the defendant's guilty plea. Mr. Durbin, who was called by the defendant as a witness on the motion for withdrawal, did not testify that, at the time the guilty plea was entered, Mr. Wysocki was unwilling or unavailable to testify and that this was a consideration in the defendant's decision to enter a plea of guilty to the lesser charge. The defendant does not claim that he advised Mr. Durbin to that effect. Mr. Durbin testified, instead, that the defendant called him from Halawa Jail and told him: "I want to plead guilty and get this case over with." Moreover, the minutes of the circuit court show that at the time of the pre-trial conference of March 19, 1974, Mr. Durbin advised the court and counsel for the State that Mr. Wysocki would be one of the defense witnesses.

The court had before it only the representations of the defendant, and it was within its province to inquire into the truth and validity of the defendant's claims and representations. *See State v. Dicks, supra.* The trial court was entitled to consider the defendant's asserted reasons and the factual basis therefor against a background consisting of the earlier proceedings. *Id. Cf. United States v. Webster, supra; United States v. Barker, supra.* This was a legitimate area of inquiry for the trial court to pursue under either standard. The trial court did not believe the defendant and found his reasons for withdrawal to be without sufficient merit. On the record before us we find no abuse of judicial discretion.

Affirmed.

*Myles T. Yamamoto,* Deputy Public Defender *(Marie N. Milks* with him on the brief) for defendant-appellant.

*Allan S. Chock,* Deputy Prosecuting Attorney for plaintiff-appellee.