STATE OF HAWAII, Plaintiff-Appellee, *v.* KENNETH ALLAN SMITH, Defendant-Appellant

NO. 6581

FEBRUARY 12, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

*Per Curiam.* Cr. Nos. 49642, 49741, 49913, and 49985, Circuit Court of the First Circuit have been consolidated for the purposes of appeal. In Cr. No. 49642, the defendant entered a plea of guilty to robbery in the second degree; in Cr. No. 49741, to burglary in the second degree; in Cr. No. 49913, to one count of a five-count indictment for robbery in the second degree; and in Cr. No. 49985, to burglary in the

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978 and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

second degree. This was on March 11, 1977. The trial court imposed sentence on May 16, 1977. Prior thereto, however, on May 10, 1977, the defendant moved to withdraw his guilty pleas. The court denied the motion, and the defendant appeals. The only issue for our determination is whether the trial court erred in denying the defendant's motion to withdraw his guilty pleas.

The motion was made pursuant to Rule 32(d) of the Hawaii Rules of Penal Procedure which provides:

> A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

Under Rule 32(d), the defendant does not have an absolute right to withdraw his plea of guilty. *State v. Jim,* 58 Haw. 574, 574 P.2d 521 (1978). Thus, where the motion to withdraw is made after sentence has been imposed, only on a showing of manifest injustice will the defendant be entitled to withdraw his plea. However, "where the motion is presented to the trial court before the imposition of sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the guilty plea to its substantial prejudice." *Id.,* 58 Haw. at 576, 574 P.2d at 522-23. The trial court's determination, of course, will not be disturbed on appeal unless abuse of discretion is clearly shown. *Id.*

The defendant in this case had just turned nineteen at the time he entered his pleas, and his formal schooling consisted of only an eighth grade education. And while he was represented by counsel and his guilty pleas were the result of a plea bargaining agreement with the prosecution, at no time did he expressly admit that he committed the offenses charged in the indictment. At the hearing on the motion, the defendant testified:

> Q. Will you please tell the court why you want to withdraw your guilty plea?

A. Because like when I was in jail, my lawyer and me was talking like that —

Q. Kenneth, you're going to have to speak a little louder.

A. Me and my lawyer was talking and I wen' plead guilty for one lesser sentence, you know, because I expecting one kid, like that, and I figure, you know, I goin' get four years like that. It's better than 20 years, but I want for get over it, but when I wen' bail out, I was talking to my mom and dad and they was telling me that I not guilty, so why should I plead guilty? So that's why I changing my plea to not guilty, because this way I can like — I stay out on bail, I can work more on my case, huh?

Q. Now, when you pled guilty, you didn't admit that you did the offense; is that correct?

A. I never admit. I just, you know, pleaded guilty for one lesser time.

Q. That's the only reason why you did?

A. Yeah, because like I said, I expecting my kid.

At the plea hearing on March 11, 1977, the trial court itself recognized that while the defendant was pleading guilty to the indictment, he was not at the same time admitting his participation in the conduct charged:

THE COURT: Okay. Now, furthermore — let's see now. He's not admitting to the truth of the charges in this case; is that it?

MRS. WOO [defense counsel]: Yes, your Honor.

While the Supreme Court has held that a guilty plea may be accepted by the trial court, and sentence may be pronounced thereon even where the defendant is unable or unwilling to admit to the commission of the act charged, *North Carolina v. Alford*, 400 U.S. 25 (1970), we think that where a tendered plea of guilty is accompanied by a contemporaneous denial of the acts constituting the crime charged, a searching inquiry addressed to the defendant personally, to ensure the defendant's complete understanding of the finality of his guilty plea if accepted, should be conducted by the trial court before accepting the plea. Only then, and only after satisfying itself that there is a strong factual basis for the plea, ought the

trial court to accept the plea. *Cf. North Carolina v. Alford, supra.* Especially were these requirements so compelling in this case, where a youthful offender of minimal education was involved. The foregoing colloquy was the extent to which judicial inquiry was made, and because the motion to withdraw was made before sentence was imposed and no substantial prejudice to the State was shown, we think that fairness and justice required the granting of the motion.

Reversed.

*Ronald Yonemoto,* Deputy Public Defender for defendant-appellant.

*Leo McCormick,* Deputy Prosecuting Attorney for plaintiff-appellee.