STATE OF HAWAI'I, Plaintiff–Appellee, v. RORY LOUIS CAMBRA, Defendant–Appellant

NO. 15214

(CR. NO. 90–0012(3))

MARCH 11, 1992

BURNS, C.J., HEEN, J. AND CIRCUIT JUDGE SPENCER, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

Defendant Rory Louis Cambra (Cambra) appeals the circuit court's February 6, 1991 judgment finding him guilty of seven crimes and sentencing him to prison and the February 7, 1991 Order Denying Defendant Rory Cambra's Motion to Withdraw No Contest Plea (February 7, 1991 Order). We affirm.

## FACTS

On January 16, 1990, the grand jury returned a 24–count indictment against Cambra. Most of the counts involved drug or firearm offenses. In a written plea dated September 28, 1990, Cambra pled no contest to seven counts relating to drug offenses because, in his words, "after discussing all the evidence and receiving advice on the law from my lawyer, I believe that it is better to put myself at the mercy of the court."

In an Addendum to No Contest Plea Form that was expressly incorporated into Cambra's written no contest plea, (1) the State agreed to dismiss the other 17 counts, to recommend concurrent terms and maximum indeterminate terms of twenty years, not to recommend consecutive or extended terms, and "if [the Second Circuit Court] or any other entity seeks to impose such consecutive or extended terms of i[m]prisonment, [Cambra] shall be allo[w]ed to withdraws [sic] his prior pleas[;]" (2) the parties agreed that there was no agreement with respect to the minimum term of imprisonment to be imposed by the Hawai'i Paroling Authority; and (3) the parties agreed that "no additional promises, agreements, or conditions, either expressed or implied, have been entered into[.]"

Sentencing was originally scheduled for November 30, 1990. The circuit court actually imposed its sentence on February 6, 1991.

On January 16, 1990, the State of Hawai'i Superintendent of Education decided to terminate Cambra's employment with the Department of Education effective February 15, 1990. In First Circuit Civil No. 90–0509–02, Cambra appealed the Superintendent's decision. In its answering brief filed on November 5, 1990, the State of Hawai'i, by a deputy attorney general, stated in relevant part as follows:

> In fact, the Department of Education has been informed that [Cambra] has pled "no contest" to several

criminal charges arising out of his drug related activities. Such admissions by [Cambra] should conclusively establish the "proper cause" for his termination.

There is no evidence in the record of what happened in Civil No. 90–0509–02 after the State filed its answering brief.

On January 3, 1991, Cambra filed a Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) Motion to Withdraw No Contest Plea (January 3, 1991 Motion). In it, Cambra contended that (a) the State, by a deputy attorney general, intentionally and illegally utilized Cambra's no contest plea in the civil case "for the purposes of proving in that proceeding that [Cambra] had admitted certain factual allegations against him, which utilization constitutes a material breach of the plea agreement entered into" and (b) since he did not know that the State would use his no contest plea against him in another court proceeding, he did not knowingly and intelligently waive his constitutional rights when he entered his no contest plea.

In its February 7, 1991 Order, the circuit court decided (1) that the State's use of Cambra's no contest plea against Cambra in the civil case was not a breach of the plea agreement; (2) that Cambra had other remedies available to him with respect to the Attorney General's use of Cambra's no contest plea against Cambra in the civil case; (3) that there was no agency relationship between the Maui County Prosecutor's Office and the Attorney General's Office; and (4) that Cambra did not satisfy the criteria for withdrawal set forth in *State v. Jim*, 58 Haw. 574, 574 P.2d 521 (1978).

## POINTS ON APPEAL

In this appeal, Cambra contends that the circuit court reversibly erred when it (1) ruled that the testimony of the deputy attorney general who authored and filed the State's answering brief in the civil case would be irrelevant to the issues raised by Cambra's

January 3, 1991 Motion and (2) entered its February 7, 1991 Order denying his January 3, 1991 Motion.

## DISCUSSION
### I.

Although there are different views as to the different ways that a conviction based upon a no contest plea may be used in a subsequent civil proceeding, *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988); Annotation, *Plea of Nolo Contendere or Non Vult Contendere*, 89 A.L.R.2D 540 (1963); Annotation, *Conviction or Acquittal as Evidence of the Facts on Which it Was Based in Civil Action*, 18 A.L.R.2D 1287 § 5 (1951), the unanimous rule of law is that a no contest plea is not an admission of guilt. *State v. Medeiros*, 8 Haw. App. 39, 791 P.2d 730 (1990); 46 AM. JUR. 2D *Judgments* § 619 (1969); 29 AM. JUR. 2D *Evidence* § 702 (1967).

### II.

An HRPP Rule 32(d) motion to withdraw a plea of no contest filed before the imposition of sentence should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the no contest plea to its substantial prejudice. *Cf. State v. Jim, supra* (a motion to withdraw a plea of guilty filed before the imposition of sentence should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the guilty plea to its substantial prejudice). The dispositive question in this appeal is whether the State's attempted misuse of Cambra's no contest plea constituted "a fair and just reason," *State v. Jim*, 58 Haw. at 576, 574 P.2d at 523, to grant Cambra's January 3, 1991 Motion. We conclude that it did not.

Cambra argues that since the only difference between a guilty plea and a no contest plea is the fact that the latter is not an admission of guilt, it must be implied that a condition of his no contest

plea was that he would enjoy the benefit of the rule of law that a no contest plea is not an admission of guilt. We disagree. The enjoyment of the benefit of the rule of law that a no contest plea is not an admission of guilt is not a condition of a no contest plea. It is a benefit. No contest pleas that are subject to conditions are unacceptable. 21 AM. JUR. 2D *Criminal Law* § 492 (1981).

There are only two possible reasons for granting Cambra's January 3, 1991 Motion. One is to penalize the State for its erroneous attempt. The other is to compensate Cambra for the consequences, if any, of the State's erroneous attempt. In our view, both of those considerations can and should be resolved in Civil No. 90–0509–02. They are not valid reasons for allowing Cambra to withdraw his no contest plea.

Cambra's contention that "there is no way to un–ring the bell" is wrong. Judges do it all the time. If the circuit court judge in Civil No. 90–0509–02 did not do it, Cambra's remedy was by way of appeal in Civil No. 90–0509–02.

In light of our decision, we agree with the circuit court that no relevant purpose would have been served to allow Cambra to inquire into the conduct and reasoning of the deputy attorney general who made the erroneous attempt.

## CONCLUSION

Accordingly, we affirm the circuit court's February 6, 1991 judgment finding him guilty of seven crimes and sentencing him to prison and the February 7, 1991 Order Denying Defendant Rory Cambra's Motion to Withdraw No Contest Plea.

*David Bettencourt*, on the briefs, for defendant–appellant.
*James T. Carter*, Deputy Prosecuting Attorney, County of Maui, on the brief, for plaintiff–appellee.