STATE OF HAWAII, Plaintiff-Appellee,
v.
MITCHELL QUARLES, aka Anthony Ruffin, Defendant-Appellant
No. 27852
Intermediate Court of Appeals of Hawaii
January 30, 2008
On the briefs: Andre' S. Wooten for Defendant-Appellant
Loren J. Thomas, Deputy Prosecuting Attorney City and County of Honolulu for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER
RECKTENWALD, CHIEF JUDGE, WATANABE, AND NAKAMURA, JJ.
Defendant-Appellant Mitchell Quarles (Quarles) appeals from the Judgment entered on February 22, 2006, by the Circuit Court of the First Circuit (circuit court).[1] Quarles pleaded no contest to charges of promoting a dangerous drug in the third degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2006)[2] (Count 1), and unlawful use of drug paraphernalia, in violation of HRS 329-43.5(a) (1993)[3] (Count 2). Quarles subsequently moved to withdraw his no contest pleas. The circuit court denied Quarles's motion and sentenced him to five-year terms of incarceration on Counts 1 and 2, with a mandatory minimum one-year term on Count 1 based on Quarles's status as a repeat offender. The court imposed the sentences on Counts 1 and 2 concurrently with each other and with any other term of incarceration Quarles may be serving.
On appeal, Quarles argues that the circuit court erred in: (1) denying his motion to withdraw his no contest pleas because he did not knowingly, intelligently, or voluntarily waive his rights; and (2) ruling that he was fit to proceed with the case after he had been deemed unfit for a four-month period. We affirm.

I.
Quarles was arrested and charged with promoting a dangerous drug in the third degree and unlawful use of drug paraphernalia after a police officer saw Quarles holding a glass pipe and cigarette lighter while exhaling smoke from his nose arid mouth.
Quarles pleaded no contest to both charges on December 16, 2003. The circuit court engaged in an extensive colloquy with Quarles and accepted his pleas after concluding that Quarles "voluntarily enter[ed] his pleas with an understanding of the nature of the charges against him and the consequences of the pleas.
On December 30, 2003, Quarles indicated he wanted to withdraw his no contest pleas after the court denied his motion for a reduction of bail or supervised release. The circuit court directed Quarles to file the appropriate written motion. On February 9, 2004, Quarles stated he did not wish to withdraw his no contest pleas.
On April 19, 2004, Quarles filed a written motion to withdraw his no contest pleas. He claimed that although it appeared his pleas were made knowingly, intelligently, and voluntarily, he was "in a state of medical duress and confusion" because he had suffered injuries during his arrest and had been denied his prescription medications. Quarles also alleged that he had hepatic encephalopathy, a long-term medical problem where patients can "appear normal and carry simple conversation but actually be confused and unaware of their statements or actions." Quarles, however, provided no proof that he was suffering from the effects of hepatic encephalopathy when he entered his pleas.
On December 9, 2004, Quarles moved for a mental examination, which was granted by the circuit court. Quarles, however, refused to meet with the three mental health experts appointed by the court. Upon a review of Quarles's records, all three experts opined that Quarles was likely not fit to proceed. Accordingly, on March, 30, 2005, the circuit court found that Quarles was unfit to proceed.
Edmund Valerio, M.D., a staff psychiatrist at the Hawai`i State Hospital, updated the court on Quarles's status by letter dated May 31, 2005. Dr. Valerio stated that Quarles was "highly suspected of malingering" and "has intentionally exaggerated his physical and memory difficulties." Dr. Valerio further stated that
Mr. Quarles currently appears to have a factual as well as rational understanding of the proceedings against him, to be able to assist in his own defense and to consult with his attorney with a reasonable degree of rational understanding. Again, I must inform the Court that Mr. Quarles will state that he is unfit to proceed should he have a disagreement in legal outcome.
By letter date July 12, 2005, Dr. Valerio again expressed his opinion that Quarles was competent to proceed. Based in part on Dr. Valerio's opinion, the circuit court found Quarles fit to proceed following a hearing on July 25, 2005.
On February 22, 2006, the circuit court held a combined hearing on Quarles's motion to withdraw his no contest pleas and on his sentencing. At the outset of the hearing, Quarles said he wanted to delay the hearing because he was physically ill. The court did not believe Quarles was ill and denied his request. Quarles argued the motion to withdraw his pleas pro se with the assistance of standby counsel.[4] The circuit court denied Quarles's motion to withdraw his no contest pleas because it found that Quarles's "claims in support of the motion to withdraw his plea are not credible." The court then imposed sentence on Quarles.

II.
After a careful review of the record and the briefs submitted by the parties, we resolve Quarles's arguments on appeal as follows:
1. The circuit court did not abuse its discretion in denying Quarles's motion to withdraw his no contest pleas based on its finding that Quarles presented no credible evidence to support his claim that he did not knowingly, intelligently or voluntarily waive his rights when he entered his no contest pleas. See State v. Malivao, 105 Hawai'i 414, 416, 98 P.3d 285, 287 (2004) (stating that the denial of a motion to withdraw a plea prior to sentencing is reviewed for abuse of discretion).
The circuit court was "entitled to consider [Quarles's] asserted reasons and the factual basis [for withdrawal] against a background consisting of the earlier proceedings." State v. Jim, 58 Haw. 574, 578, 574 P.2d 521, 524 (1978). The court was also entitled to disbelieve Quarles's assertions. Id. Quarles appeared to understand the no-contest-plea proceedings and, during the colloquy with the court, he indicated that he was knowingly, intelligently, and voluntarily entering his pleas. During the no-contest-plea colloquy, Quarles did not complain about suffering from physical pain or lack of medication, and he first raised this contention several months later. Quarles also argued, in support of his withdrawal motion, that he suffered from a disease which when active could make it appear as if he understood what was happening when he actually did not. However, Quarles presented no proof that he was affected by this disease when he entered his no contest pleas. Quarles failed to meet his burden of establishing a plausible and legitimate reason for withdrawing his no contest pleas. Id. at 577, 574 P.2d at 523.
2. We reject Quarles's claim that the circuit court erred in ruling that he was fit to proceed in the case. Quarles has the burden of demonstrating "error by reference to matters in the record." State v. Hoang, 93 Hawai`i 333, 334, 3 P.3d 499, 500 (2000). Quarles, however, failed to include as part of the record on appeal a transcript of the hearing held on July 25, 2005, in which the circuit court found that he was competent to proceed. "[Wile will not presume error from a silent record." Id. at 336, 3 P.3d at 502.
The circuit court did not abuse its discretion in refusing to continue the combined hearing on Quarles's motion to withdraw his no contest pleas and on his sentencing in response to Quarles's claim that he was ill. The only evidence of Quarles's alleged illness was his own statements. The circuit court did not find Quarles's claim to be credible and stated, "[y]ou don't look sick to me, Mr. Quarles, and you've had more than enough time to prepare this case." The court was also entitled to consider information previously presented in the case that Quarles had been malingering and had exaggerated his physical and memory difficulties.

III.
We, affirm the February 22, 2006, Judgment of the circuit court.
NOTES
[1] The Honorable Richard K. Perkins presided.
[2] Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2006) provides in relevant part: "A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."
[3] HRS § 329-43.5 (1993) states, in relevant part:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.
[4] The standby counsel for Defendant-Appellant Mitchell Quarles (Quarles) was Quarles's fifth appointed counsel. The previous four appointed attorneys had been allowed to withdraw.