**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000008
17-JUN-2022
08:17 AM
Dkt. 98 SO**

NO. CAAP-21-0000008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WAYNE A. CHUN, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2FFC-17-0000237(1) and 2CPC-17-0000751(1))

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Wayne A. Chun (**Chun**) appeals from the Circuit Court of the Second Circuit's[1] (**circuit court**) (1) January 3, 2020 Findings of Fact and Conclusions of Law and Order Denying Defendant's Motion to Withdraw No Contest Plea, and (2) January 6, 2021 judgment and sentence convicting Chun of one count of Felony Abuse of Family or Household Member[2] and one count of Burglary in the First Degree.[3]

_____

[1] The Honorable Rhonda I.L. Loo presided.

[2] In case number 2FFC-17-0000237 [hereinafter 2FFC], Chun was charged with one count of Felony Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and/or (9) (Supp. 2016), for a June 10, 2017 incident involving his wife, Angela Chun.

HRS §§ 709-906(1) and (9) provide that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member" and "[w]here the physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony."

[3] In case number 2CPC-17-0000751 [hereinafter 2CPC], Chun was charged, inter alia, with one count of Burglary in the First Degree, in violation of
(continued...)

In the argument section of his opening brief, Chun contends that the "circuit court abused its discretion in denying [his] pre-sentence motion to withdraw his pleas."[4]  To support this contention, Chun claims that there are fair and just reasons to withdraw his plea, specifically, (1) "he has never admitted guilt"; (2) he "did not unduly delay in requesting [a] plea withdrawal"; (3) "he entered his no-contest plea to protect his son, to reconcile with his estranged wife and did so without the effective assistance of counsel";[5] (4) his nature and background weigh in favor of allowing him to withdraw his plea; and (5) there would be no prejudice to the State.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Chun's appeal as discussed below, and vacate and remand.

When a motion to withdraw a plea is made prior to sentencing, a "liberal approach is to be taken, and the motion

---

[3](...continued)
HRS § 708-810(1)(c) (2014), for a September 22, 2017 incident involving Samuel Keaweehu.

HRS § 708-810(1)(c) provides that "[a] person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and . . . [t]he person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling."

[4]  In the points of error section of his opening brief, Chun challenges numerous findings of fact (**FOF**) and conclusions of law (**COL**), but does not address them individually in the argument section of his brief.  Instead, he appears to address the challenged FOF and COL in the context of his argument that the circuit court erred in denying his motion to withdraw his plea.  We address the challenged FOF and COL in a likewise manner.

[5]  Regarding his ineffective assistance of counsel assertion, we need not address this issue in light of our holding.  And, it should be noted that Chun does not raise ineffective assistance of counsel as a point of error, and does not appear to have served counsel he alleges as ineffective with a copy of the opening brief.  Hawaiʻi Rules of Appellate Procedure Rules 28(a) and (b)(4).

2

should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the guilty plea to its substantial prejudice." State v. Garcia, 135 Hawaiʻi 361, 368, 351 P.3d 588, 595 (2015) (citation omitted). The Hawaiʻi Supreme Court explained that "[g]iven the significance of the constitutional rights waived by a guilty or no contest plea, the flexible and comparatively liberal approach we adopted in [State v. Jim, 58 Haw. 574, 574 P.2d 521 (1978)] favors allowing pre-sentence defendants to reclaim their constitutional rights and go to trial." State v. Pedro, 149 Hawaiʻi 256, 271, 488 P.3d 1235, 1250 (2021).

Thus, we must "examine the totality of the circumstances to determine whether there was any fair and just reason for [the defendant's] plea withdrawal." Id. To do so, the supreme court put forth five non-exclusive factors to consider.

The first factor is "whether the defendant has asserted and maintained innocence." Id. at 275, 488 P.3d at 1254. Although Chun does not challenge the circuit court's FOF 36 finding that Chun stipulated to a factual basis for the charges, he now asserts his innocence. During the hearing on the motion to withdraw his plea, Chun testified, "I never abused my wife" and "I never entered the house." "Though an assertion of innocence, standing alone, is not a 'fair and just reason' for plea withdrawal, an assertion of innocence by a defendant who has never admitted guilt weighs strongly in favor of allowing plea withdrawal before sentencing." Id. Because the factual basis

3

was part of a no-contest plea, this weighs in favor of allowing withdrawal of the plea.

The second factor is "the timing of the request for the plea withdrawal and the reasons for any delay." Id. Chun challenges COL 17, which concluded that there was undue delay in moving to withdraw his plea by considering the days that passed between the his plea and motion to withdraw his plea. But, based on the record, the following pertinent events occurred:

- In June 2018, Chun pled no contest, and the circuit court ordered a presentence report;

- In September 2018, the presentence report was filed;

- In October 2018, the Honorable Richard Bissen recused himself and the case was assigned to another court, and defense counsel withdrew and new counsel was appointed;

- In December 2018, the parties stipulated to continue sentencing because the court reporters had not been able to provide new counsel with transcripts;

- In March 2019, Chun subpoenaed his prior counsel because there was a disagreement over producing documents to new counsel, prior counsel moved to quash the subpoena, and the circuit court ordered certain documents be distributed to new counsel; and

- Four days after the disclosure of the documents, Chun moved to withdraw his plea.

Here, time elapsed due to preparing the presentence report, recusal of the judge, substitution of counsel, and new counsel's attempt to obtain transcripts from court reporters and documents from prior counsel, which would reasonably be required

4

to make informed decisions. As such, we hold that the delay in this case was not unwarranted or excessive. See id. at 278, 488 P.3d at 1257 (holding no undue delay where, among other things, conflict with counsel may have caused the delay). Thus, this factor weighs in favor of allowing withdrawal of the plea.

The third factor is "the circumstances underlying the plea." Id. at 275, 488 P.3d at 1254. Chun's plea appears to be tactical. He admitted that he pled no contest because, "I basically wanted to show her that I was sorry[,]" "I didn't want to – to drag her or any of the witnesses or my family into court[,]" and "I didn't want my son to get involved[.]" Chun also testified, "I truly felt that taking the plea would be my best option[.]" And the plea offer proposed a substantially reduced sentence of, among other things, five years probation for Felony Abuse and four years probation for Burglary, with the State free to argue 90 days jail as a condition and Chun was free to argue credit for time served. Otherwise, Chun was facing a maximum of five years imprisonment and/or a $10,000 fine for Felony Abuse, a maximum of ten years imprisonment and/or a $20,000 fine for Burglary, and a possible extended term of thirty years imprisonment. This factor weighs against allowing withdrawal of the plea.

The fourth factor is "the defendant's nature and background." Id. As Chun admits, he is a fifty-year-old college graduate. A reasonable inference from his age and education is that he should have the maturity and education to understand the proceedings before him and to communicate effectively with his counsel and the court. *Cf* Pedro, 149 Hawaiʻi at 280, 488 P.3d at

1259 (explaining that defendant's background weighed in favor of allowing a plea withdrawal where he was thirty-three years old, attended school until the ninth grade, and his first language was Marshallese). This factor also weighs against allowing withdrawal of the plea.

The fifth factor is "the potential prejudice to the prosecution caused by the reliance on the plea." Id. at 275, 488 P.3d at 1254. In its answering brief, the State acknowledges that it "does not challenge the trial court's conclusion that the prosecution has not relied upon Chun's pleas to its substantial detriment." COL 18. We are bound by this unchallenged COL, which is actually a finding of fact, and thus, this factor weighs in favor of allowing withdrawal of the plea.

In sum, considering the supreme court's liberal approach that "favors allowing pre-sentence defendants to reclaim their constitutional rights and go to trial," and the particular circumstances of this case, namely Chun's assertion of innocence, no undue delay, and no prejudice to the prosecution, we hold that a fair and just reason existed to allow Chun to withdraw his no-contest plea before sentencing. Id. at 270-71, 488 P.3d at 1249-50. The circuit court, thus, abused its discretion in denying Chun's motion to withdraw his no-contest plea. Garcia, 135 Hawai'i at 368, 351 P.3d at 595 ("The denial of an [Hawai'i Rules of Penal Procedure Rule] 32(d) motion to withdraw a plea of nolo contendere, or 'no contest,' prior to the imposition of

6

sentence, is reviewed for abuse of discretion.") (citation, internal quotation marks, brackets and ellipsis omitted).

Based on the foregoing, we vacate the circuit court's (1) January 3, 2020 Findings of Fact and Conclusions of Law and Order Denying Defendant's Motion to Withdraw No Contest Plea, and (2) January 6, 2021 judgment and sentence, and remand this case for further proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, June 17, 2022.

| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
|---|---|
| Hayden Aluli,<br>for Defendant-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |
| Renee Ishikawa Delizo,<br>Deputy Prosecuting Attorney,<br>County of Maui,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |